108 F.3d 1369
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
COASTAL AVIATION, INC., Plaintiff-Appellant,
v.
COMMANDER AIRCRAFT COMPANY, Defendant-Appellee.
 No. 96-9170.
 United States Court of Appeals, Second Circuit.
 March 24, 1997.
 
 1
 Appearing for Appellant: John A. Tartaglia, White Plains, New York.
 
 
 2
 Appearing for Appellee:Charles E. Williams, III, Peckar & Abramson, P.C., New York, New York.
 
 
 3
 Present Honorable FEINBERG, WINTER, Circuit Judges, POLLACK, District Judge.*
 
 SUMMARY ORDER
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 6
 Coastal Aviation, Inc. ("Coastal") appeals from a judgment entered against it by Judge Conner after a bench trial in its action for breach of contract. We affirm for substantially the reasons stated by the district court. See Coastal Aviation, Inc. v. Commander Aircraft Company, 937 F.Supp. 1051 (S.D.N.Y.1996).
 
 
 7
 We write further to reject Coastal's argument that, in finding that no contract was formed, Judge Conner ignored the law of the case. According to Coastal, in Judge Parker's order denying the motion of Commander Aircraft Company ("Commander") for summary judgment, he held that there was a contract subject to rebuttal at trial by Commander through extrinsic evidence. Coastal is mistaken. Judge Parker held only that the writings exchanged between the parties were sufficient to satisfy the statute of frauds. See Coastal Aviation, Inc. v. Commander Aircraft Company, 903 F.Supp. 591, 594 (S.D.N.Y.1995). As was proper, when considering Commander's motion for summary judgment, Judge Parker resolved all ambiguities in favor of Coastal, but, as he also noted, "[o]f course, this conclusion [that the letters constitute a writing sufficient to satisfy the statute of frauds] does not establish as a matter of law that the contract alleged by Coastal was concluded between the parties. Instead our holding means only that Coastal is not barred from attempting to prove that the parties entered into an official contract." Id. Coastal failed to meet that burden at trial.
 
 
 8
 Commander's application for sanctions under Rule 38, Fed. R.App. P., is denied on the merits and on the ground that the application was not separately filed as required by the Rule.
 
 
 9
 We therefore affirm.
 
 
 
 *
 The Honorable Milton Pollack of the United States District Court for the Southern District of New York, sitting by designation